IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

## STATE OF TENNESSEE v. JIMMY RICHARD BURROW II

**Appeal from the Criminal Court for Wilson County
Nos. 23-CR-317, 21-CR-1405   Brody Kane, Judge**

_____

### No. M2024-00526-CCA-R3-CD

_____

The Defendant, Jimmy Richard Burrow II, pleaded guilty to aggravated burglary, a Class C felony; possession of methamphetamine, a Class A misdemeanor; possession with intent to sell or deliver a Schedule V controlled substance, a Class E felony; and possession of a firearm after a felony drug conviction, a Class C felony.  *See* T.C.A. §§ 39-13-1003 (Supp. 2020) (subsequently amended) (aggravated burglary), 39-17-434(a)(4) (2018) (possession of methamphetamine), 39-17-417(a)(4) (Supp. 2020) (subsequently amended) (possession of a Schedule V controlled substance), 39-17-1307(c)(1) (2018) (subsequently amended) (possession of a firearm).  He received an effective ten-year sentence to be served in confinement but was subsequently released to a residential drug recovery program.  The Defendant violated the terms and conditions of the recovery program, and, after a hearing, the trial court ordered the Defendant to serve his sentence.  On appeal, the Defendant contends that the trial court erred by failing to consider alternative sentencing and the Defendant's amenability to future rehabilitation.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Shelley Thompson Gardner, District Public Defender; and Raymond Jones, Assistant Public Defender, for the appellant, Jimmy Richard Burrow II.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Jason L. Lawson, District Attorney General; Javin R. Cripps, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

In August 2023, the Defendant pleaded guilty in Wilson County Criminal Court to aggravated burglary, possession of methamphetamine, possession with intent to sell or deliver a Schedule V controlled substance, and possession of a firearm after a felony drug conviction related to events which occurred on November 5, 2020. He received an effective ten-year sentence in confinement. By order of interchange filed on October 6, 2023, the Morgan County Drug Residential Recovery Court took jurisdiction of the Defendant's case, and the Defendant was released from Wilson County custody and placed in the Morgan County Drug Residential Recovery Program. In February 2024, a violation of probation warrant issued because the Defendant had been removed from the recovery program "due to lack of program participation, lack of program[] progress, and the risk he is presenting to his own health."

At the violation of probation hearing, the Defendant agreed that he violated the terms of his release into the program and that he "could have made better efforts." The Defendant said that often he was sick and required medical treatment for diabetes and high blood pressure. The Defendant promised that he would not "let [the judge] down" if given another chance to serve his sentence at a treatment facility. Defense counsel noted that, despite the Defendant's poor performance at the treatment facility, the Defendant had been "making progress," had remained sober, had not been charged with any new criminal offenses, and had been accepted into the Men of Valor aftercare/re-entry program. Counsel also asked the court, in the alternative, to allow the Defendant to spend a short time in confinement, and for the court to then consider ordering the Defendant to serve his sentence at a treatment center.

The trial judge said that he had "never seen a report like this from . . . [the] Morgan County [residential treatment program]." The court found that the Defendant had engaged in "multiple times of lying about [his] medical issues, telling the nurse one thing, telling the medical providers another, again and again and again" and that the Defendant exhibited a "lack of participation . . . [, a] manipulation of others and [had lied] about others and [himself.]" The court found that the Men of Valor program was not an appropriate alternative because it was "less restrictive and less intensive" than the Morgan County program, which the Defendant could not complete. The court noted that the Defendant had wasted a "valuable spot" at the Morgan County facility. The trial court commended the Defendant for staying sober but concluded that the Defendant was not a good candidate for continued probation because of his egregious conduct at the Morgan County facility. The court revoked the Defendant's probation and ordered him to serve the original ten-year sentence in confinement with credit for time spent at the facility.

On appeal, the Defendant argues that the trial court abused its discretion by failing to consider alternative punishments and the Defendant's amenability to future rehabilitation. The State contends that the trial court considered alternative forms of punishment and the Defendant's amenability to rehabilitation and did not abuse its discretion by ordering the Defendant to serve his full sentence. We agree with the State.

"On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court determines that a defendant's probation must be revoked, the court must then decide upon an appropriate consequence. *Dagnan*, 641 S.W.3d at 757. A separate hearing is not required, but the court must address the issue on the record in order for its decision to be afforded the abuse of discretion with a presumption of reasonableness standard on appeal. *Id*. at 757-58. "It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Id*. at 759 (citation omitted). Factors to be considered by a trial court upon revocation include a defendant's sincerity and amenability to rehabilitation. *Id.* at 758 (citation omitted).

After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than one year upon making additional findings, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (Supp. 2024), -310 (Supp. 2024). When the court orders a sentence into execution, the court "may give credit against the original judgment by the amount of time the defendant has successfully served on probation and suspension of sentence prior to the violation or a portion of that amount of time." *Id*. § 40-35-310; *see id*. § 40-35-311(e)(2) (Supp. 2024). When determining whether to "award credit for time successfully spent on probation" before revocation, a court "may consider 'the number of revocations, the seriousness of the violation, the defendant's criminal history, and the defendant's character.'" *State v. Williams*, 673 S.W.3d 255, 260 (Tenn. Crim. App. 2023) (quoting *Dagnan*, 641 S.W.3d at

759 n.5). A court's determination whether "to award or deny credit for time served on probation" is reviewed for an abuse of discretion. *Williams*, 673 S.W.3d at 259.

The record reflects that the trial court found grounds for revocation and considered the appropriate consequence upon revocation. The Defendant agreed that he violated the terms of his probation. The trial court commended the Defendant for staying sober but considered the egregious nature of the Defendant's behavior at the Morgan County treatment facility and found that the Defendant had "manipulated" and "lied" to people. The court considered alternative forms of punishment and found that the Men of Valor program was not appropriate because it was "less restrictive" and "less intense" than the Morgan County program. The court also considered and rejected the Defendant's request for a lesser period of confinement. Although brief, the trial court's consideration of the appropriate factors is sufficient for this court to conduct a meaningful review of the revocation decision. *See Dagnan*, 641 S.W.3d at 759. The Defendant has not shown that the court abused its discretion in ordering the Defendant to serve his ten-year sentence in confinement. He is not entitled to relief on this issue.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

s/ **Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

-4-